UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LDM TECHNOLOGIES, INC.,

       Plaintiff,

v().                                                 Case No. 02-73520
                                                 Honorable Victoria A. Roberts

ROWEN-WATERS GROUP, L.L.C.,

       Defendant/Counter-Plaintiff

MICHAEL PICKHOLZ, and
PAUL RAZGUNAS,

       Defendants,

and

LDM TECHNOLOGIES, INC.,

       Counter-Defendant.
_____

**ORDER GRANTING LDM TECHNOLOGIES, INC.'S MOTION TO DISMISS
AND REMAND FOR LACK OF SUBJECT MATTER JURISDICTION [DOC. [97]
AND VACATING OPINION AND ORDER GRANTING DEFENDANTS
ROWEN-WATERS GROUP, LLC, PICKHOLZ and RAZGUNAS'
MOTION FOR SUMMARY JUDGMENT [DOC. 65]**

Plaintiff/Counter-Defendant LDM Technologies, Inc. ("LDM") filed the above

entitled motion, to which Counter-Plaintiff Rowen-Waters Group, LLC ("Rowen")

responded and LDM replied. The Court reviewed the papers filed and finds LDM's

1

motion to be meritorious. It is **GRANTED**. This matter is **REMANDED** to the Oakland County Circuit Court.

Further, the Court **VACATES** its Opinion and Order granting summary judgment to Defendants Rowen, Pickholz and Razgunas [Doc. 65].

LDM challenges the Court's subject matter jurisdiction, alleging that it was predicated on Rowen's misrepresentation in its counterclaim, that it is the assignee of U.S. Patent No. 6,017,989 ("'989 patent"). All of LDM's original causes of action against Rowen are state law claims, which were filed in Oakland County Circuit Court. Rowen removed to this Court on September 3, 2002, when it filed its counterclaim against LDM for infringement of the '989 patent and certain Lanham Act violations[1]. LDM now alleges in its motion that the '989 patent is, in fact, owned by another company, Cooper-Standard Automotive, Inc. ("Cooper"), and that there was never an effective assignment of any of Cooper's rights in the '989 patent to Rowen. Hence, LDM argues, Rowen did not have standing to file the counterclaim and this court lacked subject matter jurisdiction, at the time of removal and currently.

From a review of the documents submitted as exhibits by the parties, the Court has gleaned the following information:

1. Cooper owns the '989 patent. [LDM's Motion to Remand, Exhibits 3-4].
2. Rowen is the 100 percent owner of a company called "MaterialWerks, LLC, ("MaterialWerks"), which was formed on March 8, 2002. [Rowen's Response to Motion to Remand, Exhibit A].

---

[1] Lanham Act, 15 USC § 1051 et seq.

3. On August 8, 2002, Cooper and MaterialWerks entered into a Technology Agreement under which Cooper assigned and transferred to MaterialWerks or its designee, "all rights, ownership, title and interests of any kind in the patents listed in Exhibit A." The '989 patent is listed on Exhibit A of the Technology Agreement. [LDM's Motion to Remand, Exhibit 5].

4. The Technology Agreement allows MaterialWerks to assign its rights under the Technology Agreement, but only with the prior written consent of Cooper. [LDM's Motion to Remand, Exhibit 5, p. 5].

5. No document was presented to this Court indicating that Cooper agreed that MaterialWerks could assign its rights under the Technology Agreement to Rowen.

6. A Patent Assignment was signed by Cooper on August 8, 2002 as well, for valuable consideration, and Cooper did then "sell, assign, transfer [to] MaterialWerks, the entire right, title, interest in and to the patents...identified in Schedule A, together with the right to sue for and recover damages for acts of past infringement." Again, this included an assignment of the '989 patent. No mention is made of Rowen as an assignee or designee. [LDM's Motion to Remand, Exhibit 5, p. 8].

7. Rowen filed its counterclaim against LDM on September 3, 2002, after the effective date of the Patent Assignment. In the counterclaim, Rowen alleged that the '989 Patent Assignment is "held by a wholly-owned subsidiary of Rowen Waters." [LDM's Motion to Remand, Exhibit 6, p. 3].

Only patentees, their assignees and exclusive licensees have standing to bring a patent infringement lawsuit.  35 USC § 281.  Rowen is none of these with respect to the '989 patent.  And, although it represented that the '989 patent was owned by a wholly owned subsidiary of Rowen, there is no authority which confers standing on a parent company to file a patent suit on behalf of its subsidiary.  *See Schenley Distillers Corp. v. U.S.*, 326 U.S. 432 (1946)(parent corporation had no standing to sue for a permit from Interstate Commerce Division to operate as a contract carrier on behalf of its subsidiary); *Pepsico, Inc. v. N.L.R.B.*, 382 F.2d 265 (6th Cir. 1967)(parent corporation could not challenge an N.L.R.B. ruling on behalf of its wholly owned subsidiary); *Royal Industries, v. St. Regis Paper Company*, 420 F.2d 449 (9th Cir. 1969)(parent and wholly owned subsidiary were co-licensors of a patent, the parent could not terminate the license without consent of the subsidiary).

Standing is determined at the point in time the lawsuit is filed, in this instance, at the time Rowen removed to federal court.  *See NAACP v. City of Parma, Ohio*, 263 F.3d 513, 525 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-872 (6th Cir. 2000).  Standing cannot now be conferred by allowing Rowen to amend its counterclaim by substituting MaterialWerks for Rowen.

Finally, Rowen suggests that subsequent to the filing of its counterclaim, LDM participated in this litigation in such a way that it should be deemed to have waived any challenge LDM has to this Court's jurisdiction.  But, it is well-settled that subject matter jurisdiction is not waivable, not subject to principles of estoppel, and it is not required that it be challenged early in the proceedings.  *Sweeton v. Brown*, 27 F.3d 1162, 1168 (6th Cir. 1994).

Moreover, because this Court lacked subject matter jurisdiction, it now must vacate the opinion and order granting Rowen's motion for summary judgment. [Doc. 65]. "Under Rule 60(b)(4), if the rendering court lacked subject matter jurisdiction, the underlying judgment is void, and it is *per se* an abuse of discretion to deny a movant's motion to vacate." *In re G.A.D. Inc.*, 340 F.3d 331, 335 (6th Cir. 2003).

For all of these reasons, the Court **GRANTS** LDM's Motion and **REMANDS** this matter to the Oakland County Circuit Court. Because this Court never had subject matter jurisdiction, the Court **VACATES** the Opinion and Order Granting Defendants' Rowen Waters Group, LLC, Pickholz and Razgunas' Motion for Summary Judgment. [Doc. 65].

**IT IS SO ORDERED.**

s/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated: September 28, 2005**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 28, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**